IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>) | CIVIL ACTION NO. |
| Plaintiff, ) | |
| ) | |
| v.  ) | 1:09-cv-1223 WTL-DML |
| ) | |
| OBCOMPANIES, LLC, and ) | COMPLAINT |
| DOUBLE J SIMPLY STORAGE, LLC d/b/a ) | JURY TRIAL DEMAND |
| SIMPLY SELF STORAGE, )<br>)<br>) | |
| Defendants. ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Ellen Martin, Marilou Burkett and other similarly situated individuals who have been adversely affected by such practices. As alleged with greater particularity in paragraph seven below, the Commission alleges that Defendants allowed Ellen Martin, Marilou Burkett, and other similarly situated individuals to be sexually harassed because of their sex.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of

Indiana, Indianapolis Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendants Double J Simply Storage, LLC, an Indiana Corporation and OBCompanies, LLC, a Florida Corporation have continuously been doing business in the State of Indiana and the Cities of Avon, Zionsville, and Indianapolis, and have continuously had at least 15 employees.

5. At all relevant times, Defendants Double J Simply Storage, LLC, and OBCompanies, LLC have continuously been employers engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Ellen Martin and Marilou Burkett filed charges with the Commission alleging violations of Title VII by Defendant Double J Simply Storage, LLC, *d/b/a* Simply Self Storage, a subsidiary of OBCompanies, LLC. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least April 2007, Defendant Employers has engaged in unlawful employment practices at its central Indiana locations, in continuing violation of Section 703 (a)(1) of Title VII, 42 U.S.C. § 2000e-(2)(a). The unlawful employment practices include:

   a)   subjecting Ellen Martin to sexual harassment from Defendants' property

manager;

    b)    subjecting Marilou Burkett to sexual harassment from Defendants' property manager; and

    c)    subjecting a class of similarly situated female employees to sexual harassment from Defendants' property manager.

8.    The effect of the practices complained of in paragraph seven above has been to deprive Ellen Martin, Marilou Burkett and a class of similarly situated individuals sexually harassed due to their sex, of equal employment opportunities, and otherwise adversely affect their status as employees because of their sex.

9.    The unlawful employment practices complained of in paragraph seven above were intentional.

10.    The unlawful employment practices complained of in paragraph seven above were done with malice and with reckless indifference to the federally protected rights of Ellen Martin, Marilou Burkett, and a class of similarly situated individuals sexually harassed by Defendants' property manager due to their sex.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant Employers, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of sex.

B.    Order Defendant Employers to institute and carry out policies, practices, and programs which provide equal employment opportunities for workers regardless of sex, and which eradicate the effects of its past and present unlawful employment practices.

    C.    Order Defendant Employers to make whole Ellen Martin, Marilou Burkett, and a class of similarly situated individuals sexually harassed because of their sex, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to the compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph seven above, in amounts to be determined at trial.

    D.    Order Defendant Employers to make whole Ellen Martin, Marilou Burkett and a class of similarly situated individuals sexually harassed because of their sex, by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in paragraph seven above, including emotional pain, suffering, loss of enjoyment of life, humiliation, embarrassment, and inconvenience, in amounts to be determined at trial.

    E.    Order Defendant Employers to pay Ellen Martin, Marilou Burkett and a class of similarly situated individuals sexually harassed due to their sex punitive damages for its malicious and reckless conduct described in paragraph seven above, in amounts to be determined at trial.

    F.    Grant such further relief as the Court deems necessary and proper in the public interest.

    G.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

*[signature]*
LAURIE A. YOUNG, #11480-49
Regional Attorney

*[signature]*
MICHELLE EISELE, #12070-49
Supervisory Trial Attorney

*[signature]*
ROBIN M. LYBOLT, #20999-30
Trial Attorney,

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
101 W. Ohio Street, Suite 1900
Indianapolis, IN 46204
(317) 226-5049
Fax: (317) 226-5571
robin.lybolt@eeoc.gov